UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE M. REVERON,

        Plaintiff,

   -against-

FOREVER 21 RETAIL INC., et al.,

        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/6/2024
```

24-CV-06210 (VEC) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

     The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, and for report and recommendation on dispositive motions, if any, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). All pretrial motions and applications, including those related to scheduling and discovery must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses. Parties and counsel are cautioned:

     1.    Once a discovery schedule has been issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

     2.    Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

6. If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Tamika Kay at (212) 805-0228 immediately.

7. Plaintiff is hereby notified that *pro se* parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

   a. **Drop off** the documents in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007.

   b. **Mail** the documents to the Pro Se Intake Unit at 500 Pearl Street, Room 205, New York, New York, 10007.

   c. **Email** the documents to ProSe@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website at

nysd.uscourts.gov/prose.

8. Plaintiff must serve a copy of this Order on any defendant previously served with the summons and complaint, must serve this Order on all defendants served with the summons and complaint hereafter, and must file proof of such service with the Court.

Plaintiff may wish to contact the New York Legal Assistance Group (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit.

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If parties have questions regarding the form or they are unable to complete it, they may leave a voicemail at (212) 659-6190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A copy of a flyer with details about the clinic is attached to this Order.

Dated: New York, New York  
      September 6, 2024

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

3



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

