UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE M. REVERON,

        Plaintiff,

   -against-

FOREVER 21 RETAIL INC., *et al.*,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/2025

24-CV-06210 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Pro se plaintiff Stephanie M. Reveron filed this action on August 16, 2024, asserting claims for trademark infringement, unfair competition/false designation of origin, common law trademark infringement, and unjust enrichment against defendants Walmart Inc. (sued as "Walmart-Stores, Inc."), Forever 21 Retail, Inc. (Forever 21), Depop, Inc. (Depop), and two John Does. (Dkt. 1.) On October 18, 2024, Walmart moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 9.) Additionally, Walmart advised the Court that plaintiff planned to amend her complaint. (Dkt. 11.)

    On October 22, 2024, "[i]n the interest of efficiency," the Court extended plaintiff's deadline to amend her complaint once "as a matter of course," pursuant to Fed. R Civ. P. 15(a)(1)(B), to December 31, 2024. (Dkt. 12.) Plaintiff filed her 75-page First Amended Complaint (FAC) (Dkt. 17) on November 13, 2024, asserting claims for trademark infringement, unfair competition/false designation of origin, common law trademark infringement, and unjust enrichment against Walmart, Forever 21, Depop, ten newly-named retailers, and two John Does. On December 11, 2024, Walmart moved to dismiss the FAC pursuant to Rule 12(b)(6). (Dkt. 30.) Thereafter, plaintiff requested an indefinite extension of her time to respond to Walmart's motion, advising that she planned to submit a second amended complaint on December 27, 2024. (Dkt. 48.) Additionally, various defendants requested extensions of their time to respond to the FAC. (Dkts. 27, 39, 45, 53, 55, 57, 59.)

    By Order dated January 2, 2025 (1/2/25 Order) (Dkt. 60), the Court noted that no proposed second amended complaint had been filed. Consequently, the Court set a uniform date of January 31, 2025, for all defendants (other than Walmart) to answer or otherwise respond to the FAC, and a uniform date of March 3, 2025, for plaintiff to respond to any timely-filed motions to dismiss the FAC. 1/2/25 Order at 2. In the same Order, the Court directed plaintiff that – should she still seek to further amend her complaint – "she must cross-move for leave to amend on the same date that she files her opposition papers." *Id*.

    On January 10, 2025, plaintiff filed her 87-page proposed Second Amended Complaint (Proposed SAC) (Dkt. 62), asserting claims against fourteen retailers (including Walmart, Depop, all ten corporate defendants first named in her FAC, and two newly-named retailers) and two John Does for trademark infringement, unfair competition, common law trademark infringement, and contributory trademark infringement. In a letter filed that same day, plaintiff explained that she attempted to file the Proposed SAC by email on January 1, 2024, but it was not accepted, due to the file size, requiring her to resubmit the document in multiple, smaller attachments. (Dkt. 63.) Additionally, plaintiff attached a letter dated December 31, 2024, addressed to the Court, in which

she explains that she dropped Forever 21 as a defendant because it was "dissolved in bankruptcy in 2021" and explains that the two new defendants, Authentic Brands Group, LLC and F21 IPCO LLC, acquired Forever 21's business and assets. (Dkt. 63 at ECF p. 3.) In the same letter, plaintiff writes that since the "case is in its infancy stages, and we have not entered the discovery stage of the litigation," it is her belief that "the filing of a Second Amended Complaint will not prejudice or unduly burden any of the Defendants to this action." (*Id*. at ECF pp. 3-4.)

Under Rule 15, "[a] party may amend its pleading once as a matter of course," within specified time limits. Fed. R. Civ. P. 15(a)(1). After the plaintiff has exercised her "one free amendment" – which plaintiff did on November 13, 2024 – she may not amend again without either (1) the opposing party's written consent or (2) leave of the court. Fed. R. Civ. P. 15(a)(2). Since plaintiff has not obtained the written consent of the defendants, I construe her letter dated December 31, 2024 (filed on January 10, 2025) as a motion for leave to file the proposed SAC.

It is hereby ORDERED that defendants meet and confer with each other and notify the Court in writing, no later than **January 27, 2025**, whether some or all of them consent to the proposed amendment (without prejudice to their rights to move against the SAC pursuant to Rule 12(b)(6) or otherwise).

If the Court permits the amendment and accepts the Proposed SAC, it will reset the current deadlines for defendants to answer or otherwise respond to plaintiff's pleading, and for plaintiff to oppose any motions to dismiss.

Dated: New York, New York            **SO ORDERED.**
       January 22, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**