UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2025
```

STEPHANIE M. REVERON,

        Plaintiff,

    -against-

FOREVER 21 RETAIL INC., et al.,

        Defendant.

24-CV-06210 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On January 10, 2025, without first obtaining leave of the Court or consent from the opposing parties, plaintiff filed an 87-page proposed Second Amended Complaint (SAC) (Dkt. 62), which asserts four trademark infringement claims against thirteen retailers, including two that are named as defendants for the first time, and two John Doe defendants. In her accompanying letter, plaintiff explained that the newly-named defendants – Authentic Brands Group, LLC (Authentic) and F21 IPCO, LLC (F21) – "acquired the business and/or assets of Forever 21 Retail, Inc. [Forever 21]," which was named as a defendant in her original Complaint and her Amended Complaint, after Forever 21 was "dissolved in bankruptcy in 2019." (Dkt 63.) Plaintiff asserts that the "main purpose" of her proposed SAC is to "remove" Forever 21 as a named defendant and "replace it" with Authentic and F21. (Dkt. 63.) However, the proposed SAC also includes new factual allegations, *see*, *e.g*., Prop. SAC ¶¶ 5-9, 12-13, 15, 18-23, 27-31, 70-72, 75, 116, 135, 217-18, 234, 250, and a new claim for contributory trademark infringement. *See id*. ¶¶ 296-301.

By Order dated January 22, 2025 (1/22/25 Order) (Dkt. 64), the Court construed plaintiff's proposed SAC and accompanying letter as a motion for leave to file the proposed SAC, and directed defendants to meet and confer with each other and notify the Court as to whether they wished to consent to the filing of the SAC, without prejudice to their rights to subsequently move to dismiss it. 1/22/25 Order at 2.

On January 27, 2025, seven of the defendants – ASOS US Sales LLC, Pacific Sunwear of California LLC, d/b/a PacSun, Hardy Way LLC d/b/a Ed Hardy, VF Outdoor LLC (named as Timberland Footwear and Clothing LLC in the proposed SAC), Walmart, Inc. (Walmart), Depop, Inc., and Shop Po, LLC – submitted a joint letter consenting to plaintiff's filing of the proposed SAC. *See* 1/27/25 Joint Ltr. (Dkt. 67) at 1-2. These seven defendants intend to move to dismiss plaintiff's claims, based in part on her asserted "failure to cure the deficiencies identified in Walmart's motion to dismiss the original Complaint (ECF 9) and motion to dismiss the First Amended Complaint ('FAC') (ECF 30) relating to Plaintiff's ornamental uses of her alleged trademark and [defendants'] fair use." *Id.* at 1.

None of the remaining defendants (or the proposed new defendants) has taken a different position. Defendant J. Crew, Inc., having reached a settlement in principle with plaintiff, was dismissed from the case on January 28, 2025. (Dkt. 68.) Defendants Boohoople.com (Boohoople),

Kung Pow Planet, Inc. (Kung Pow), and "Antieselskabet Af 21. November 2001, d/b/a Bestseller, Inc." (Bestseller) have not yet appeared for any purpose.[1] Proposed new defendants Authentic and F21 have not submitted any response to the 1/22/25 Order.

In the interest of efficiency, and given that seven of the defendants have consented to the filing of the proposed SAC, while none have objected, plaintiff's motion for leave to file the proposed SAC is hereby GRANTED. It is hereby ORDERED that plaintiff promptly file a clean (not redlined) copy of the SAC, which will become the operative complaint. Defendant Walmart's prior motions to dismiss the Complaint and the Amended Complaint (Dkts. 9, 30) are hereby deemed WITHDRAWN, without prejudice to renewal.

It is further ORDERED that plaintiff must promptly serve a summons, a copy of the SAC, and a copy of this Order on all defendants that are named in the SAC and have not yet appeared in this action: Kung Pow, Boohoople, Bestseller, Authentic Brands, and F21 IPCO.

It is further ORDERED that the seven defendants joining in the January 27, 2025 joint letter, as well as defendant Kung Pow, must answer or otherwise respond to the SAC (including by moving to dismiss pursuant to Rule 12(b)(6)) **no later than three weeks after the date on which plaintiff files the SAC**.[2] The moving defendants are encouraged to submit a joint moving brief, for which they will be allotted 25 pages plus 5 additional pages for each additional defendant (for a total of 65 pages if all eight moving defendants join in submitting a joint brief). Any defendant submitting a separate moving brief will be limited to 10 pages, which should not be used to repeat arguments made by other defendants. Plaintiff's opposition to any motion(s) to dismiss must be filed **no later than three weeks after the date on which defendants file their motion(s) to dismiss**. Defendants must file any replies **no later than two weeks after the date on which plaintiff files any opposition to the motion(s) to dismiss**.

Plaintiff is hereby advised that, having already amended her complaint twice, in the face of two successive motions to dismiss, she should not expect any further opportunities to amend based on the upcoming third round of motions to dismiss.

It is further ORDERED that plaintiff, in compliance with this Court's Individual Practices 1(d), available at https://www.nysd.uscourts.gov/hon-barbara-moses, must promptly deliver a courtesy copy of the SAC and related exhibits to the Court, on paper, in color, and properly tabbed.

Dated: New York, New York    SO ORDERED.
      February 3, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] On December 15, 2024, plaintiff filed a Certificate of Service of Summons as to Kung Pow, attesting that it was served with process on December 6, 2024. (Dkt. 33.) There is no indication on the docket that service has been effected as to Boohoople or Bestseller.

[2] Defendants not yet served with process must answer or otherwise respond by the deadline set forth in Fed. R. Civ. P. 12(a), but are free to respond earlier.