UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

STEPHANIE M. REVERON,                            :
                                                 :
                              Plaintiff,         :
            -against-                            :            24-CV-6210 (VEC)
                                                 :
                                                 :            OPINION & ORDER
FOREVER 21 RETAIL INC., *et al*.,                :
                                                 :
                              Defendants.        :
--------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Stephanie Reveron sued many retailers, alleging that they sold apparel that infringed trademarks belonging to her. *See generally* Second Amended Complaint, Dkt. 84 ("SAC"). Two of the Defendants, Walmart and Authentic Brands Group ("ABG"), moved to dismiss.[1] *See* Walmart Motion to Dismiss, Dkt. 96 (the "Walmart Motion"); ABG Motion to Dismiss, Dkt. 127 (the "ABG Motion"). Plaintiff opposed. *See* Opp. to Walmart Motion, Dkt. 115; Opp. to ABG Motion, Dkt. 137. Magistrate Judge Moses issued a Report & Recommendation recommending that the claims against ABG be dismissed in full and that the claims against Walmart be dismissed in part. *See* Report & Recommendation, Dkt. 142 ("R&R"). Neither party objected to the R&R.

The Court ADOPTS the R&R in full. The ABG Motion is GRANTED, and the Walmart Motion is GRANTED IN PART and DENIED IN PART.

---

[1] Another Defendant, Depop, Inc., joined in the Walmart Motion, but Plaintiff has since voluntarily dismissed the claims against it. *See* Not. of Voluntary Dismissal, Dkt. 110.

**BACKGROUND**

Plaintiff, who is proceeding *pro se*, sued numerous major retailers, alleging that they sold clothing that infringed her trademarks.  *See generally* SAC.  Of relevance here, Plaintiff alleges that Defendant Walmart sold five t-shirts, and Defendant ABG sold one sweater, infringing Plaintiff's trademarks LES NYC®, LES NEW YORK®, LOWER EAST SIDE™, LOWER EAST SIDE NYC™, and LOWER EAST SIDE NEW YORK CITY™.  *Id.* ¶¶ 1, 4–5, 62–65, 94–95, 97, 99–105, 107, 112, 116–23.  She asserts claims of trademark infringement pursuant to § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) (the "First Cause of Action"), unfair competition and false designation of origin pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (the "Second Cause of Action"), common law trademark infringement and unfair competition pursuant to New York common law (the "Third Cause of Action"), and, as to Walmart only, contributory trademark infringement (the "Fourth Cause of Action").  *Id.* ¶¶ 284–301.

The Court referred the case to Magistrate Judge Moses for general pretrial case management, as well as for reports and recommendations on dispositive motions.  *See* Sept. 5, 2024, Order, Dkt. 4.  Walmart and ABG moved to dismiss.  *See* Walmart Motion; ABG Motion.  Plaintiff opposed.  *See* Opp. to Walmart Motion; Opp. to ABG Motion.  Magistrate Judge Moses issued a Report & Recommendation recommending that the ABG Motion be granted in full and that the Walmart Motion be granted with respect to every claim except the First and Third Causes of Action, to the extent those claims relate to Walmart T-Shirt 1.[2]  *See* Report & Recommendation, Dkt. 141 ("R&R").  Neither party objected to the R&R.

---

[2]    The Court adopts the definitions of Walmart T-Shirts 1–5 and the Forever 21 Pullover as set forth in the R&R.  *See* R&R at 6, 8.

**DISCUSSION**

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

Careful review of the R&R reveals that there is no clear error in its conclusions. As to the First Cause of Action, the Court agrees with Magistrate Judge Moses that Plaintiff has pled facts sufficient to support a plausible inference that consumers may be confused by Walmart's alleged use of Plaintiff's LES NYC® mark on Walmart Shirt 1, but not Walmart's alleged use of the phrase "Lower East Side" on Walmart T-Shirts 2–5 or ABG's use of the LOWER EAST SIDE NEW YORK CITY™ mark in the Forever 21 Pullover. R&R at 21–25. The Court further agrees that Walmart has failed to plead an adequate fair use defense with respect to Walmart T-Shirt 1. *Id.* at 25–29. Accordingly, Plaintiff has stated a claim in her First Cause of Action only as to Walmart T-Shirt 1.

As to the Second Cause of Action, the Court agrees with Magistrate Judge Moses that Plaintiff has failed to plead facts sufficient to support a plausible inference that the LES NEW YORK®, LOWER EAST SIDE™, LOWER EAST SIDE NYC™, and LOWER EAST SIDE NEW YORK CITY™ marks have acquired secondary meaning. *Id.* at 29–42. Accordingly, Plaintiff has failed to state a claim in her Second Cause of Action.

As to the Third Cause of Action, the Court agrees with Magistrate Judge Moses that, because Plaintiff has failed to plead any claims pursuant to the Lanham Act against ABG or against Walmart with respect to Walmart T-Shirts 2–5, she has also failed to plead any New

York common law claims related to those allegedly infringing items. *Id.* at 43. With respect to Walmart T-Shirt 1, the Court agrees that the Complaint contains sufficient factual allegations to support a plausible inference that Walmart acted in bad faith. *Id.* at 43–44. Accordingly, Plaintiff has stated a claim pursuant to the Third Cause of Action only with respect to Walmart T-Shirt 1.

As to the Fourth Cause of Action, the Court agrees with Magistrate Judge Moses that Plaintiff has failed to plead any facts sufficient to support a plausible inference that Walmart took any specific acts that could constitute intentional inducement, nor does she allege that Walmart had contemporary knowledge of any particular listings by third parties that infringed Plaintiff's marks. *Id.* at 44–45. Accordingly, Plaintiff's Fourth Cause of Action does not state a claim.

Finally, the Court agrees with Magistrate Judge Moses that leave to amend is inappropriate and that there is no basis for the Court to issue a filing injunction. *Id.* at 45–47.

### CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in full. The ABG Motion is GRANTED. The Walmart Motion is DENIED as to the First and Third Causes of Action, to the extent such Causes of Action relate to Walmart T-Shirt 1; the Walmart Motion is GRANTED in all other respects. The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 96 and 127.

Because neither party objected to the R&R, and because the R&R expressly warned that the failure timely to object would result in the waiver of any such objections, *see id.* at 48, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604–05 (2d Cir. 2008).

**SO ORDERED.**

**Date:  May 4, 2026**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

5