UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___06/05/26___

STEPHANIE M. REVERON,

       Plaintiff,

   -against-

F21 OPCO, LLC,

       Defendant.

24-CV-6210 (VEC) (BCM)

**ORDER REGARDING JUNE 9, 2026
CASE MANAGEMENT
CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

In this action, filed on August 6, 2024, plaintiff Stephanie M. Reveron, proceeding pro se, sued numerous defendants for trademark infringement. She then voluntarily dismissed her claims against all defendants save three: Authentic Brands Group, LLC (ABG), Walmart Inc. (Walmart), and F21 OPCO, LLC (F21).[1] ABG and Walmart moved to dismiss. In its moving papers, ABG noted that the claims against it arose entirely from the same allegedly infringing pullover sweater that formed the basis of plaintiff's claims against F21. *See* Dkt. 131 at 1 n.1. On May 4, 2026, the Hon. Valerie E. Caproni, United States District Judge: (i) granted ABG's motion to dismiss in full, *see* Dkt. 143 at 1, 4; and (ii) granted Walmart's motion in part, dismissing all of the claims asserted against it except for plaintiff's claims concerning "Walmart T-Shirt 1." *Id*. at 3, 4.

On May 7, 2026, I scheduled a case management conference for June 9, 2026, at 10:00 a.m., and ordered plaintiff and Walmart to meet and confer with respect to a discovery schedule for plaintiff's remaining claims against Walmart. *See* Dkt. 144 at 1-2. Additionally, I directed plaintiff to discuss the status of F21, "which remains listed as a defendant in this action

---

[1] F21 was added as a defendant when plaintiff filed her Second Amended Complaint (SAC) (Dkt. 84) on March 11, 2025, replacing Forever 21 Retail, Inc. (Forever 21), named in earlier versions of plaintiff's pleadings. On April 2, 2025, F21 notified the Court by letter (Dkt. 108) that it has a pending Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Delaware. Accordingly, this action was – and remains – automatically stayed as against defendant F21 pursuant to 11 U.S.C. § 362(a).

but is subject to an automatic stay pursuant 11 U.S.C. § 362(a)," and noted that, in my view "the dismissal of all claims against ABG resolved the claims against F21 as well." *Id*. at 2.

On May 13, 2026, counsel for Walmart informed the Court that plaintiff and Walmart reached a settlement in principle, *see* Dkt. 145, and on May 19, 2026, plaintiff and Walmart stipulated to the voluntary dismissal, with prejudice, of "all claims that were asserted in this action." Dkt. 146. Judge Caproni so-ordered the stipulation and terminated Walmart as a defendant, but did not close the case. Instead, she directed plaintiff to inform the Court, no later than May 27, 2026, "whether her representation that she intends to dismiss with prejudice 'all claims that were asserted in this action' also applies to defendant Forever 21 Retail, Inc., against whom proceedings are stayed." Dkt. 147.[2]

Plaintiff failed to respond to Judge Caproni's order.  Consequently, this Court cannot cancel the conference scheduled for **June 9, 2026** at **10:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York, NY. (*See* Dkt. 144 at 1.) **<u>Plaintiff is reminded that she must appear in person for that conference.</u>** If she intended to dismiss her remaining claims against F21 – and wishes to be excused from her obligation to appear on June 9 – she must so advise the Court, in writing, no later than **4:00 p.m. on June 8, 2026**.

Dated: New York, New York
        June 5, 2026

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] Although the order at Dkt. 147 refers to "Forever 21 Retail, Inc.," the district judge likely intended to inquire about the status of F21 OpCo, LLC, which, as noted above, replaced Forever 21 Retail, Inc. in the SAC.  *See* SAC at 1; *id*. ¶¶ 3, 10, 11, 17, 18, 21, 23, 29, 92-93, 97-99, 101-06.